**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Jo Dickson, | No. CV-20-00931-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On September 1, 2020, Plaintiff Tammy Jo Dickson filed her opening brief. (Doc. 13.) Among other things, Plaintiff argues that this case should be remanded for a computation of benefits. (*Id.* at 14.) On October 1, 2020, Defendant Commissioner of Social Security Administration filed a "Motion for Remand and Response to Plaintiff's Opening Brief." (Doc. 14.) In this filing, Defendant acknowledges that the ALJ committed harmful error during the administrative proceeding but argues that the remedy for this error is "to remand this case for further proceedings," as opposed to remanding for a computation of benefits. (*Id.* at 1-2.)

To the extent Defendant intended for its filing at Doc. 14 to function as both a "motion to remand" and an answering brief, this was improper. LRCiv 16.1 requires the parties to observe a specified briefing procedure in Social Security appeals. That procedure involves the filing of an opening brief, an answering brief, and a reply brief. Dispositive motions (such as a "motion to remand") are not allowed. Additionally, Defendant's motion does not stipulate to the same remedy that Plaintiff seeks—Defendant only agrees to a

remand for further proceedings, whereas Plaintiff's opening brief requests a remand for a computation of benefits. Allowing a defendant to tuck such a disputed request into a motion would effectively allow the defendant to have the final word (by filing a reply in support of the motion), even though LRCiv 16.1 contemplates that the plaintiff in a Social Security appeal will have the final word.

Accordingly,

**IT IS ORDERED** that, to the extent Defendant intended its "motion for remand" (Doc. 14) to function independently from its answering brief, the motion is **denied**. The Court will resolve the pending appeal in due course. The parties should not interpret this order as expressing any prejudgment as to whether the appropriate remedy in this case is a remand for further proceedings or a remand for computation of benefits.

Dated this 18th day of February, 2021.

_____
Dominic W. Lanza
United States District Judge